[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO TARE DEPOSITION OUT OF STATE (#144)OBJECTION TO THE MOTION FOR COMMISSION
The plaintiff, Casinelli Brothers Construction Company, filed a motion on March 4, 1996, to issue a commission to Michael J. Leventhal, a Commissioner of the Superior Court and an attorney CT Page 4225-Q admitted before the Supreme Court of the State of New York, to take the testimony of Helen Macko, a disclosed expert witness. The f motion states that arrangements have been made to take the deposition of Macko on March 29, 1996. Practice Book § 245 provides, "[i]n any other state or county, depositions for use in a civil action . . . within this state shall be taken before . . . a person commissioned by the court before which such action or proceeding is pending." On March 14, 1996, the defendants objected to the motion on the following grounds: the proposed location of the deposition to be held on March 29, 1996; that the witness should be compensated for her time; and that all matters relating to the issuing of notices for the deposition, the conduct of same and the review and execution of the transcript are to be governed by the laws of New York.
The court may issue the commission. The objections with respect to the location of the deposition are moot. With respect to the matter of compensation, the court has held, "General Statutes 52-148c allows a party to apply to the court for a commission to take the deposition of an out-of-state witness. Once the commission is granted by the court in this state, a subpoena can be obtained in the proposed deponent's state to force the deponent to attend a deposition in his state." Struckman v. Burns,205 Conn. 542, 552, 534 A.2d 888 (1987). In Fairbanks Am. v.American Home Assurance, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 248356 5 Conn. L. Rptr. 470 (Jan. 24, 1992, Lewis, J.), the court held that the determination of whether two New York lawyers/witnesses should be designated experts and hence be entitled to compensation, should be resolved by the New York courts. "Although this court can issue a commission to take an out-of-state deposition . . . the New York court will have to issue a subpoena to compel attendance. This procedure is sanctioned by section 3101 of the Civil Practice Law and Rules, which adds that the New York courts `shall make any appropriate order in aid of taking such deposition."' Accordingly, the court should decline to decide the compensation issue.
Lastly, as to the request that all matters relating to the issuing of notices, conduct and execution of the deposition should be governed by New York, courts are "disinclined to give any opinion, without any factual predicate . . . because to do so would amount to an advisory opinion." Singh v. Singh, 214 Conn. 637,654, 569 A.2d 1112 (1990). The court should likewise decline to decide the issue. CT Page 4225-R